Mr. Justice MacArthur
delivered the opinion of the court:
Tho first question to be examined in this case relates to the testamentary capacity of Jane Thompson at the time she executed her will, on the 24th day of January, in the year 1871. The real property devised in her will constituted, without any doubt, her separate estate. The deed of trust made in 1867 by Evans and wife conveyed the property to the defendant Kelly, in trust, nevertheless, for the sole use and benefit of said Jane Thompson, and for no other person whatever, and only to be conveyed by her or her heirs joining in the deed with the trustee. It will be observed that there is no restriction upon the mode in which she may dispose of the property, except that of the trustee joining in the deed, and he was called upon to unite in the deed only when the property was to be conveyed. His assent was not required when she should otherwise dispose of it. Although, therefore, the limitation would apply to a conveyance, it clearly does not refer to a devise; and having the right, jus disponendi, she may use that right in any manner not absolutely prohibited by the deed under which she claims. Jaques vs. Methodist Church, 17 Johns., 585, and the authorities there cited. Mr. Story expresses the same doctrine at sec *296 tion 1394, Eq. Jur. The trust-deed is therefore to be construed as giving her the right to dispose of the same absolutely by will. The rule may now be considered settled, wherever the chancery jurisdiction exists, that a married woman is to be regarded as a feme sole in respect of her separate property, and that she may dispose of it as she pleases, unless her power of disposition is restricted or limited by the deed or will creating her interest. Chancellor-Kent, in Jaques vs. Methodist Church, 3 Johns. Ch., 77, admits this to be the rule, as established by the weight of authority; but he held that, in view of the general incapacity of a married woman, she can only dispose of the property constituting her separate estate in the mode prescribed in the deed or will under which she becomes entitled to the estate. The decision of the court of errors did not sustain this view j but, on the contrary, recognized her full and untrammeled power of disposition unless the restriction-upon that power was clearly and positively expressed in the deed or will creating her estate; and it is now the settled law of England and New York that, where property is conveyed to the separate use of a married woman, she has an unlimited control over it, and may dispose of it as if she were a feme sole, unless restrained by some special provision in the deed of settlement itself. The same doctrine was finally adopted by the court of appeals in Maryland in Cooke vs. Husband, 11 Md., 492. The court there say that before the American revolution the English cases established the doctrine that in equity a married woman is to be treated as a feme sole in respect of her separate property, and that she may dispose of it, unless restrained by the instrument creating the estate. The court also admit that since then there has been in that State some diversity among the cases, beginning with Hulme vs. Tenant, 1 Bro., 16, and, after reviewing the decision, concludes as follows: “We are of opinion that a feme covert may act in reference to her separate estate as a feme sole where the settlement contains no limitations on the subject, on the principle that the jus disponendi accompanies the property, unless restrained in terms, or by the manifest intention of the instrument.”
The views expressed by Chief Justice Gibson, in Thomas- *297 vs. Folwell, 2 "Wharton, 11, concur with those of Chancellor Kent, but the great authority of these names has not been able to overthrow the protection which a court of chancery extends to a wife in the entire and absolute control and disposition of her separate estáte. The chancellor has been ex-, pressly overruled, as we have seen, and the contrary doctrine established, in the State of New York, while Chief-Justice Gibson, as far as I have been able to examine, has been followed nowhere beyond the State of Pennsylvania. The rule for which we contend is supported by -the great weight of authority. The oldest chancellors of England have taken this view. Modern legislation is tending to the enlargement of the rights of married women. The chancery jurisdiction was the first to support her in the control of her separate estate, and when this right is so generally settled, it would seem strange for the equity tribunals now to re-assert restriction which they were the first to remove, and to revert again to the exploded presumptions against the rights of a woman simply because she is a wife.
Upon considering the trust-deed in this case, we find that the grantors conveyed the property in question to the trustee, his heirs and assigns, forever, to the use of Mrs. Thompson. There is no restriction upon the mode in which she shall alienate the same, only that the trustee shall join in the deed, which, of course, would be proper without any such provision, as the legal title was in the trustee. The limit, ation can have no reference to a devise, and her testamentary capacity was complete to all intents and purposes. For these reasons we are of opiniou that the will of Mrs. Thompson was valid, and inasmuch as it relates to her separate property, her husband took a good title, and was competent to convey the portion of the land to the complainant.
But if we are mistaken as to the power of Mrs. Thompson to devise this property by virtue of the terms of the trust-deed made in 18G7, we think that she was clearly authorized to dispose of the same by will under the act of Congress regulating the rights of property of married women, passed April 10, 1869, and by virtue of which any married woman “ who has the right to any property, real or personal, belonging to her at the time of the marriage, or acquired during marriage in any way other than from her husband, shall be *298 as absolute as if she were feme sole, and that she may convey, devise, and bequeath the same, or any interest therein, in the same manner and with the like effect as if she were unmarried.”
• It has been suggested that the power given in this act to devise is confined to property acquired after, and not before, the passage of the act. This construction is not to be inferred from the terms in which the law is expressed. At common law she could not make a will of real property, owing to the principle that husband and wife constituted but one, and that the legal existence of the wife was merged in the former. It was a mere personal disability, which the act removed, and conferred the same capacity at law that she already enjoyed in equity. There is no limitation of the kind expressed in the act; and as it is highly remedial in its nature, it ought to receive such a construction as will give effect to the liberal design of the legislature. A recent author, in speaking of a similar statute in the State of New York, observes: “ It has been determined and held by the courts of New York that this power conferred upon married women to dispose of their separate property by will is a general one, and not limited to property acquired subsequently to the passage of the act. They may dispose of their entire property by a will properly executed, whether such property was acquired before or during coverture. The statute removed a disability, and, therefore, the power to devise is not limited to subsequently-acquired property. Van Wert vs. Benedict, 1 Brad., 114. This decision, though pronounced in New York, is good authority upon this subject in Pennsylvania.” Tyler on Infancy and Coverture, 720. The statute is not to be construed to affect any interest which the husband has acquired in the real estate of his wife. No question of that kind arises in this case, and the statute could not be expressed in more general terms; and we think the validity of this will ought to be upheld, although it embraces property acquired at a period before the law went into operation.
Judgment below reversed, and decree granting the prayer of the bill may be passed in this court.
Mr. Justice Wylie dissenting.